UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATRINA BELL, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-12-01282 |
| § | |
| HON. GREG ABBOTT, § | |
| ATTORNEY GENERAL OF TEXAS, § | |
| § | |
| *Defendant*. § | |

**ORDER**

Pending before the court is defendant's, Texas Attorney General Greg Abbott's[1], motion to dismiss (Dkt. 3). Having considered the motion, amended complaint, response, and applicable law, defendant's motion to dismiss (Dkt. 3) is GRANTED for lack of subject matter jurisdiction. Because this court grants the motion based on Federal Rule of Civil Procedure 12(b)(1), the court does not address Texas' arguments regarding Federal Rule of Civil Procedure 12(b)(6).

**I. BACKGROUND**

On July 10, 2012, Katrina Bell filed a complaint against Texas, claiming that she was entitled to relief under 42 U.S.C. § 1983 for violations of her rights to substantive due process, procedural due process, and equal protection as secured by 14th amendment to the United States Constitution.[2] Bell alleges that she is a former child support litigation support specialist in the Texas Attorney

---

[1] Plaintiff named The State of Texas as the defendant in her original complaint. Following the State of Texas' motion to dismiss, however, she corrected the amended complaint to name Abbott as defendant. For clarity, the court refers to defendant as defendant or Abbott.

[2] The complaint and amended complaint refer to "29 U.S.C. § 1983." Dkt. 2, Dkt. 4. Because the complaint alleges civil rights violations quoting the language of 42 U.S.C. § 1983, the court understands these to be typos and construes them to indicate 42 U.S.C. § 1983.

General's office. She claims that persons acting as assistant attorneys general of the state of Texas deprived her of her right to substantive due process, procedural due process, and equal protection under the laws because of the way in which she was terminated. Dkt. 2. Defendant filed a motion to dismiss the original complaint based on Rules 12(b)(1) and 12(b)(6). Dkt. 3. It argued that the court lacked subject matter jurisdiction because 1) Texas is entitled to Eleventh-Amendment immunity and 2) Texas is not a "person" for the purposes of 42 U.S.C. § 1983. Dkt. 3. Bell filed an amended complaint, almost identical to the original, that named Texas Attorney General Greg Abbott as the sole defendant. *See* Dkt. 4. In her response, Bell argued that she rendered Texas' motion to dismiss moot by naming Abbott as the defendant. Dkt. 5.

## II. LEGAL STANDARD

A party may challenge the subject matter jurisdiction of a district court pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.* 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party asserting jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court may consider any of the following in ruling on a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008).

## III. ANALYSIS

In its motion to dismiss, Defendant argues that it is not a "person" capable of being sued under 42 U.S.C. § 1983. Because Bell amended her complaint to name Abbott as the defendant, this argument is rendered moot. *See* Dkt. 4. However, Defendant's argument that this court does not

have jurisdiction over Bell's case because it is barred by Eleventh-Amendment immunity still remains before the court. *See* Dkt. 3.

Absent an exception to immunity, suits brought by private parties against states are barred by the Eleventh Amendment. *Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 320 (5th Cir. 2008). This immunity also applies to "actions against state officers in their official capacities." There are three recognized exceptions to sovereign immunity: suits that seek injunctive or declaratory relief against state officials under *Ex parte Young*, 209 U.S. 123, 155-56, 28 S.Ct. 441 (1908); a state's waiver of immunity, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267, 117 S.Ct. 2028 (1997); or Congress's abrogation of state immunity via Section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001).

In this case, none of these exceptions to sovereign immunity applies. First, Bell is not seeking declaratory or injunctive relief, so this action does not fall within the doctrine of *Ex Parte Young*. *See* Dkt. 4. Second, Texas has not waived immunity. And finally, Congress did not abrogate states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *Cozzo v. Tangipahoa Parish Council-President Gov't.*, 279 F.3d 273, 281 (5th Cir. 2002) (citing *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139 (1979)).

Therefore, if Bell is suing Abbott in his official capacity as Attorney General, this case is barred by Texas' Eleventh-Amendment immunity. "Official-capacity suits... generally represent only another way of pleading an action against an entity of which an officer is an agent." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 476, 483 (5th Cir. 2000) (citations omitted). Personal-capacity suits, on the other hand, "seek to impose liability upon a government official as an individual." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). In such a suit, it is

"enough to show that the official, acting under the color of state law, caused the deprivation of a federal right." *Id.* (citation omitted).

In the amended complaint, Bell does not specify whether her claims against Abbott arise in his official or personal capacity, however, an examination of the complaint makes it clear that this is an official-capacity suit. *See* Dkt. 4. Bell never alleges that Abbott himself took any action that caused a deprivation of a federal right. *See id.* Instead she charges "assistant attorneys general" with the actions that deprived her of her civil rights. *Id.* This indicates that Bell's suit is aimed at the Attorney General's Office, and naming Abbott as defendant is "only another way of pleading an action against an entity of which an officer is an agent." *See Turner*, 229 F.3d at 483. Because Bell's claim is brought against a state officer in his official capacity and no exception to immunity apply, the action is barred by the Eleventh Amendment. *See Nelson* 535 F.3d at 320. Accordingly, the court does not have subject matter jurisdiction over Bell's claims.

### IV. CONCLUSION

Because the Eleventh Amendment bars Bell's claims, the court lacks subject matter jurisdiction. The motion to dismiss (Dkt. 3) is therefore GRANTED. Bell's amended complaint is hereby DISMISSED WITHOUT PREJUDICE. Defendant's motion to dismiss (Dkt. 8) filed while the court was drafting the present order is DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on August 15, 2012.

_____
Gray H. Miller
United States District Judge